Submitted January 3, affirmed January 21, reconsideration denied February 13, petition for review denied March 5, 1974

WRIGHT (No. 73 1284), *Appellant, v.* LANE COUNTY DISTRICT COURT, *Respondent.*

517 P2d 1208

Robert J. Wright, Springfield, pro se, appellant.

Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem, filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

TANZER, J.

This convoluted proceeding began in October of 1971 as a straightforward action by Koke Printing and Lithographing Co. to collect upon a promissory note which had been executed by petitioner Wright. After numerous procedural skirmishes[①] the case finally came to issue on December 15, 1972, when the promisee filed its reply and certificate of readiness for trial.

At all times pertinent to this case, the Lane County District Court Rules included the following rule:

"5(d) JURY REQUESTS (Criminal and Civil)

"Request for a jury trial shall be in writing (not in a pleading) and submitted to the Court Clerk not later than 15 days after the case is at issue on a question of fact. In determining the 15 day period neither the day the request is received by the Clerk nor the date the case came to issue shall be considered. Oral request for a jury trial in a criminal case may also be made by the defendant or his attorney in open court at the time of the entry of a plea. If request for a jury trial is not made as pre-

---

[①] The lengths to which petitioner went to avoid the merits are demonstrated in Wright v. Lane Co. Comm'rs; 459 F2d 1021 (9th Cir 1972).

scribed by this rule, the right to a jury trial shall be deemed waived."

Petitioner requested a jury trial in a letter dated February 15, 1973, some 45 days after the expiration of the time allowed by Rule 5(d). He specifically stated in that letter that "[t]his request is made with full knowledge of Rule 5(d) as amended June 2, 1966 and made effective July 15, 1966."[2] After a hearing on petitioner's request for a jury trial, the request was denied. Trial was had before the court and judgment was entered for the promisee. No appeal from the judgment is indicated by this record.

Thereafter, petitioner, still acting without the benefit of an attorney, filed a petition for writ of review in the Circuit Court for Lane County in which he contended that Rule 5(d) constituted an infringement on his constitutional right to trial by jury.[3] The writ was quashed after a hearing and this appeal ensued.

■■ The manner in which a district court jury in Lane County is to be drawn once an application for jury trial is made is specifically provided by statute.

---

[2] Petitioner asserted in his letter that he was unable to comply with Rule 5(d) because the suit had been removed to the federal courts. The record does not support that assertion. The case was remanded from the federal district court to the Lane County District Court on January 17, 1972, and that order of remand was affirmed by the Ninth Circuit Court of Appeals on July 3, 1972. Petitioner filed an amended answer in the Lane County District Court on October 6, 1972, more than two months before the matter finally came to issue on December 15, 1972.

[3] Since the parties did not raise or brief here or below the issue of whether petitioner's claim is cognizable by writ of review, we do not consider that issue. But see Vollmer v. Schrunk, 242 Or 196, 199, 409 P2d 177 (1965) (Denecke, J., specially concurring); Bechtold v. Wilson, 182 Or 360, 186 P2d 525, 187 P2d 675 (1947).

ORS 46.175.[4] However, the statutes are silent as to the manner in which the application itself is to be made.[5] In the absence of statutory direction, the court itself has power to adopt its own appropriate rules for the government of the court. ORS 46.280. Lane County District Court Rule 5(d) is such a rule. Petitioner was aware of the existence of Rule 5(d), but chose to disregard it. We hold this statutory and administrative scheme to be a reasonable manner by which the district court can efficiently assure jury trials for those litigants who desire them.

■ Petitioner raises several other assignments of error which pertain to the merits of the underlying action on the promissory note which were not appealed from the district court, are not cognizable by writ of review, were not raised below, and are frivolous in any event. They merit no discussion.

Affirmed.

---

[4] ORS 46.175 provides:

"When, in a civil or criminal proceeding, a jury is demanded in the district court for a county having a population of 170,000 or more, according to the latest federal decennial census, such jury shall be drawn and selected from the jury panel of the circuit court as provided in this section. *When an application is made* to the clerk of the district court, he shall, not later than three days before the trial of such cause or action, make written application to the clerk of the circuit court for a jury of six persons. On the day of the trial in the district court, the clerk of the circuit court shall draw the names of not less than six persons from the trial jury box of the regular circuit court jury panel and direct such persons to appear at the time and place of trial in the district court. The jurors shall receive the same compensation provided for jurors of the circuit court and be paid in the same manner." (emphasis supplied)

[5] Compare ORS 46.180, which provides for the manner in which application for jury trial is to be made in counties other than Lane and Multnomah.